UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW VARGAS,

                              NO. CIV. S-10-3130 LKK/GGH

      Plaintiff,

  v.

                              O R D E R

BP AMERICA, INC., JEFF
FERIS, JILL GEORGIKAS,
STEVE HONIG, TOM HORN,
DEB PORTELLO, WAYNE MALIK,
and DOES 1 through 50,
inclusive,

      Defendants.

_____/

    Plaintiff, a former gasoline truck driver for BP America, brings a claim of termination in violation of public policy and breach of his employment contract. Pending before the court is defendant's motion for summary judgment.

### I. Factual Background

    The following facts are undisputed unless otherwise noted. Plaintiff Andrew Vargas was hired as a gasoline tanker truck driver for BP's predecessor Atlantic Richfield Co. on or about 1988.

1

Plaintiff's work was based at BP's Sacramento Trucking Terminal from which gasoline and petroleum products were distributed to gas stations throughout the Sacramento area. Plaintiff drove a fuel truck and delivered petroleum products to assigned delivery sites. Plaintiff's position included driving oil tanker trucks, delivering products to gas stations, and loading and unloading hoses.

Plaintiff has suffered from back problems since 1991. In 2006, plaintiff was in a car accident that exacerbated his back problems. In April, 2006, plaintiff was examined by a doctor provided by BP, and that doctor issued work restrictions that prohibited plaintiff from commercial driving and pulling hoses. Dep. Andrew Vargas ("Vargas Dep.") 60:19-25, ECF No. 36-1. Plaintiff remained restricted from commercial driving until at least September 2006. During this period, plaintiff worked, but on modified duty. Plaintiff frequently finished his modified duty tasks before his 10-hour shift was over. Neither plaintiff nor his supervisors identified any additional tasks that plaintiff could perform with his medical restrictions, although plaintiff indicated that his was willing to do additional tasks to fill a full shift. Vargas Dep. 78:4-14.

In addition to the foregoing facts, plaintiff's complaint alleges the following facts.[1] At various times during the course of his employment, he was instructed to ignore or violate safety practices established in a BP employee handbook and in letters, or

---

[1] Plaintiff has not submitted evidence supporting these allegations.

2

emails distributed by defendant. For example, Plaintiff alleges that he was disciplined and otherwise criticized for refusing to deliver gas under unsafe conditions. Plaintiff also alleges that he complained to defendant about conditions that were unsafe to employees and to the public. Plaintiff alleges that he made these complaints in person, and anonymously via "Open Talk," a website established by BP for reporting safety violations.

Plaintiff alleges that defendant engaged in a retaliatory course of conduct against plaintiff, culminating in his termination in 2009. Plaintiff's allegations are more fully detailed in this court's September 21, 2011 Order, ECF No. 30.

## II. Preliminary Matters

On December 29, 2011 plaintiff filed a motion for a 10-day extension of his deadline for filing an opposition to the Motion for Summary Judgment. Plaintiff asserted that the extension was warranted in order for plaintiff to obtain additional evidence to oppose the motion. Specifically, plaintiff asserts that defendant's response to special interrogatories were inadequate in that they did identify the medical records that the person who made the decision to terminate plaintiff relied on. Additionally, plaintiff asserts that defendant has delayed plaintiff's taking of the deposition of BP's former CEO, Robert Malone. Defendant moved for, and obtained a protective order in the U.S. District Court for the Southern District of Texas, which bars plaintiff from taking Mr. Malone's deposition. See ECF No. 49, Notice of Ruling on Motion for a Protective Order. Plaintiff has moved for reconsideration of the

Texas court's ruling.

In this case, discovery was to be completed by November 30, 2011. Status (Pretrial Scheduling) Order, ECF No. 10. The motion cut-off date is January 30, 2011. Neither party has requested modification of the Pretrial Scheduling Order.

The court finds that an extension of time for opposing the summary judgment motion is not warranted, given the law and motion and discovery deadlines in the court's scheduling order.

The court now turns to plaintiff's timely filed opposition to the summary judgment motion.

**III. Standard for a Motion for Summary Judgment**

Summary judgment is appropriate when there exists no genuine issue as to any material fact. Such circumstances entitle the moving party to judgment as a matter of law. Fed. R. Civ. P. 56(c); see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Secor Ltd. v. Cetus Corp., 51 F.3d 848, 853 (9th Cir. 1995). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish the existence of a genuine issue of material fact. Matsushita Elec. Indus. Co. v.

4

1  Zenith Radio Corp., 475 U.S. 574, 585-86 (1986); see also First
2  Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89
3  (1968); Secor Ltd., 51 F.3d at 853. In doing so, the opposing party
4  may not rely upon the denials of its pleadings, but must tender
5  evidence of specific facts in the form of affidavits and/or other
6  admissible materials in support of its contention that the dispute
7  exists. Fed. R. Civ. P. 56(e); see also First Nat'l Bank, 391 U.S.
8  at 289. In evaluating the evidence, the court draws all reasonable
9  inferences from the facts before it in favor of the opposing party.
10 Matsushita, 475 U.S. at 587-88 (citing United States v. Diebold,
11 Inc., 369 U.S. 654, 655 (1962) (per curiam)); County of Tuolumme v.
12 Sonora Cmty. Hosp., 236 F.3d 1148, 1154 (9th Cir. 2001).
13 Nevertheless, it is the opposing party's obligation to produce a
14 factual predicate as a basis for such inferences. See Richards v.
15 Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). The
16 opposing party "must do more than simply show that there is some
17 metaphysical doubt as to the material facts . . . . Where the
18 record taken as a whole could not lead a rational trier of fact to
19 find for the nonmoving party, there is no 'genuine issue for
20 trial.'" Matsushita, 475 U.S. at 586-87 (citations omitted).

21                            **IV. Analysis**

22     Defendant seeks summary judgment on plaintiff's claims for
23 wrongful termination in violation of public policy, breach of
24 contract, and breach of the implied covenant of good faith and fair
25 dealing.
26 ////

**A. Wrongful termination in violation of public policy**

Plaintiff alleges that he was fired in retaliation for making internal complaints about dangerous and unhealthy practices at BP's Sacramento Terminal. Defendant argues that there is no triable issue as to whether there is a causal nexus between plaintiff's health and safety complaints and plaintiff's termination, and that plaintiff was terminated pursuant to a written company policy stating that an employee's right to return to his or her position terminates after two years of medical leave.

"When a plaintiff alleges retaliatory employment termination either as a claim under FEHA or as a claim for wrongful employment termination in violation of public policy, and the defendant seeks summary judgment, California follows the burden-shifting analysis of McDonnell Douglas Corp. v Green, 411 U.S. 792 (1973), to determine whether there are triable issues of fact for resolution by a jury." Loggins v. Kaiser Permanente Internat., 151 Cal. App. 4th 1102, 1108-1109 (Cal. App. 4th Dist. 2007). See also Nielsen v. Trofholz Techs., Inc., 750 F. Supp. 2d 1157 (E.D. Cal. 2010)("Plaintiff's claims for discrimination, retaliation, and wrongful termination are subject to the McDonnell Douglas burden-shifting analysis used at summary judgment to determine whether there are triable issues of fact for resolution by a jury.").

In the context of a retaliation claim under California law, the first step of the McDonnell-Douglas framework is for plaintiff to establish a prima facie case by showing that "(1) he or she

6

engaged in a 'protected activity,' (2) the employer subjected the employee to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1042, (2005). "The requisite degree of proof necessary to establish a prima facie case [under McDonnell-Douglas] on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence." Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir. 1994). Still, it is plaintiff's burden to produce some evidence as to the elements of the prima facie case. See, e.g., Montoya v. Management Training Corp., 2011 U.S. Dist. LEXIS 125520 (E.D. Cal. 2011)(temporal proximity between protected activity and termination does not amount to "more than a scintilla of evidence," and therefore does not raise a triable issue).

Here, plaintiff has failed to introduce any evidence to establish a causal link between his complaints and his termination. While the complaint makes numerous allegations of complaints made by plaintiff, and retaliatory conduct by defendant, plaintiff's opposition to defendant's motion for summary judgment does not contain any citations to evidence supporting these allegations, or other evidence of a causal link. "Judges are not like pigs, hunting for truffles buried in briefs." U.S. v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991). Nonetheless, the court has reviewed the exhibits attached to the Declaration of Stanton T. Matthews in support of plaintiff's opposition to defendant's summary judgment motion. Those exhibits include excerpts of deposition testimony by

1  plaintiff and by Daniel Place, the BP employee who sent plaintiff
2  his termination letter; the termination letter; and copies of
3  communications sent to plaintiff via BP's "Open Talk" website.
4      In the deposition excerpts submitted by plaintiff, plaintiff
5  testified that he was "out on disability" starting on November 10,
6  2006 until his termination on June 9, 2009. Vargas Dep. 88. During
7  that period, plaintiff sought short-term, long-term, and Workers'
8  Compensation benefits on the basis that he could not return to a
9  job in commercial driving. Id. 97: 17-20. When plaintiff was
10 terminated on June 9, 2006, he was told that the basis for the
11 termination was that he had been on a medical leave for over two
12 years. Id. 99:6-10. At the time of his termination, plaintiff had
13 been on medical leave for over two years. Id. 99: 11-14. BP has a
14 written policy, which existed prior to plaintiff's termination,
15 that a medical leave of absence could not extend beyond two years.
16 Id. 101. Plaintiff also stated "I don't know who was involved in
17 those decisions [to terminate plaintiff]. I have no way of
18 knowing." Vargas Dep. 179:15-15.
19     In deposition excerpts by plaintiff BP employee Daniel Place
20 testified that "BP is flexible when we get to that date [the
21 expiration of two years after being on a medical leave of absense].
22 We don't just terminate. We kind of look and see. If someone is
23 going to be able to come back to work the next week, we wouldn't
24 terminate." Dep. Place 110:3-17. In plaintiff's case, Mr. Place
25 testified that he checked with employees in BP's workers'
26 compensation office before making the decision to terminate

8

1 plaintiff, "and in this case it was very clear that he was not in
2 a position to return or shortly return." Place Dep. 110.

3 Plaintiff offers no evidence of any retaliatory motive for his
4 termination, nor any other evidence of a causal nexus between his
5 alleged protected activity and his termination. Accordingly,
6 plaintiff has not established a prima facie case for wrongful
7 termination in violation of public policy.

8 Plaintiff's claim would not survive summary judgment even if
9 he had established a prima facie case. "Once an employee
10 establishes a prima facie case, the employer is required to offer
11 a legitimate, nonretaliatory reason for the adverse employment
12 action. If the employer produces a legitimate reason for the
13 adverse employment action, the presumption of retaliation "drops
14 out of the picture," and the burden shifts back to the employee to
15 prove intentional retaliation. Yanowitz v. L'Oreal USA, Inc., 36
16 Cal. 4th 1028, 1042 (Cal. 2005)(internal citations omitted). Here,
17 defendant has produced a legitimate reason for terminating
18 plaintiff: plaintiff remained on medical leave for more than two
19 years, and a written company policy calls for termination in such
20 cases. Had plaintiff established a presumption of retaliation by
21 putting on a prima facie case, that presumption would now "drop out
22 of the picture," leaving plaintiff with the burden of establishing
23 that a triable issue remains as to whether the reason given by
24 defendants is pretext.

25 Again, plaintiff does not cite any evidence in his brief that
26 would create a triable issue on pretext. Instead, plaintiff argues

9

that the written policy regarding termination after leave is not automatic or mandatory. Presumably, plaintiff's argument is that the existence of the written policy under which plaintiff could have been terminated does not prove that he was not terminated for a retaliatory reason. In his Second Amended Complaint, plaintiff pled facts which, if proven, might have established a nexus between the complaints and the termination. However, plaintiff now has the burden of producing evidence that raise a triable issue as to those facts. There is no evidence before the court that plaintiff ever made his identity known as the author of the anonymous complaints made via "Open Talk." Plaintiff does not dispute that Mr. Place, who sent the termination letter to plaintiff, was not aware at the time of plaintiff's termination that plaintiff had made any complaints about health, safety, or environmental conditions. Plaintiff's Responses to Defendant's Statement of Undisputed Facts 35, ECF No. 43. Accordingly, even drawing all inferences in favor of plaintiff, the court concludes that there is no triable issue as to whether there was a retaliatory motive for plaintiff's termination.

**B. Breach of Contract**

As his second cause of action, Plaintiff alleges that he was employed pursuant to an "oral and/or implied agreement that Defendants [sic] would continue Plaintiff's employment for an indefinite period of time into the future so long as Plaintiff fulfilled his duties and obligations under the employment agreement, and that Plaintiff's employment would not be terminated,

1  except for good cause." SAC 26: 10-16. Plaintiff alleges that he
2  was terminated without cause on June 8, 2009, in violation of this
3  employment contract.
4      In California, employment is presumed to be at-will.
5  California Labor Code § 2922. The presumption of at-will contract
6  may be overcome by express contract, or where the parties' conduct
7  demonstrates an implied promise not to terminate without good
8  cause. Guz v. Bechtel National, 9 P.3d 1089, 1100 (Cal. 2000).
9  Courts look to the totality of the circumstances to determine if an
10 employment agreement exists, including the "personnel policies or
11 practices of the employer, the employee's longevity of service,
12 actions or communications by the employer reflecting assurances of
13 continued employment, and the practices of the industry in which
14 the employee is engaged. Foley v. Interactive Data Corp., 765 P.2d
15 373, 387 (Cal. 1988) (quoting Pugh v. See's Candies, 116 Cal.
16 App.3d 311, 327 (1981). "Whether the employee has shown that the
17 totality of the circumstances establish an implied employment
18 contract sufficient to overcome the presumption of at-will
19 employment generally is a question of fact to be determined by a
20 jury." 3 Witkin Summary of California Law § 233 (10th ed.
21 2005)(citing Foley, 765 P.2d 381).
22     In his complaint, plaintiff listed several documents which he
23 argued constituted an implied contract not to terminate him without
24 good cause, including a code of conduct, a policy manual, and a
25 Workforce Performance Development Program. Plaintiff has not
26 produced any of those documents as evidence. In a motion to dismiss

1 the Second Amended Complaint, defendant argued that plaintiff's
2 complaint selectively cited sections of the employment manuals.
3 This court held then that the employment manuals were not before
4 the court, and that plaintiff's allegations were entitled to a
5 presumption of truth. Now, however, defendant has submitted
6 deposition testimony of plaintiff in which plaintiff stated that he
7 had received policies from BP stating that his employment was at-
8 will, that no one ever told plaintiff that the at-will policy did
9 not apply to him, and that he never received any express written
10 agreement stating that his employment was not at-will. Vargas Dep.
11 177-178. Plaintiff has not rebutted this evidence with any of this
12 own, and has not submitted the documents that he alleged would
13 establish an agreement not to terminate without good cause.

14     Accordingly, summary judgment is granted in favor of defendant
15 on plaintiff's claim for breach of contract.

**C. Breach of Implied Covenant of Good Faith and Fair Dealing**

17     Plaintiff alleges that BP's termination of him breached BP's
18 duty to perform the terms and conditions of his employment
19 agreement in good faith. A breach of the implied covenants may not
20 enforce obligations beyond the terms of the agreement. As with his
21 other claims, plaintiff has not offered any evidence of any
22 contract or of any acts that constitute breach of the covenants.

23     Accordingly, summary judgment is GRANTED to defendant on
24 plaintiff's claim for breach of the covenants of good faith and
25 fair dealing.

26 ////

12

**IV. Conclusion**

For all the foregoing reasons, defendants Motion for Summary Judgment, ECF No. 35 is GRANTED in its entirety.

Plaintiff's Motion for a 10-day Extension, ECF No. 40, is DENIED.

IT IS SO ORDERED.

DATED:   January 18, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT